ARTHUR W. SMALLWOOD *vs.* NEW YORK, NEW HAVEN &
HARTFORD RAILROAD COMPANY.

PROVIDENCE—OCTOBER 28, 1904.

PRESENT: Tillinghast, Douglas, and Dubois, JJ.

(1)   *Allowance of Counsel Fees.   Commencement of Suit.   Notice.*

Plaintiff issued a writ of summons against defendant, October 7, 1902, which
was not entered in court; November 1 a notice in writing of plaintiff's
claim was given defendant, under the provisions of Gen. Laws cap. 187,
§ 34; November 19 a second writ was issued, and prosecuted to final judg-
ment.   Plaintiff then moved for an allowance of counsel fees under the
above section:—

*Held,* that the "suit" referred to in the statute meant the suit prosecuted
to a final determination, and that plaintiff was entitled to the allowance.

TRESPASS ON THE CASE.   Heard on petition of defendant
for new trial, and denied.

TILLINGHAST, J.   This case is now before the court upon
the defendant's exception to the action of the presiding justice
of the Common Pleas Division in allowing counsel fees to the
plaintiff.

(1)   The plaintiff recovered a verdict against the defendant in the
sum of five thousand dollars, for personal injuries sustained by
him by reason of the negligence of the defendant, and said
verdict was sustained by this court.

The plaintiff then moved for an allowance of counsel fees,
under the provisions of Gen. Laws R. I. cap. 187, § 34, and the
court allowed him five hundred dollars.

The ground of the exception to said allowance is that a suit
was commenced by the plaintiff before any notice in writing
of the plaintiff's claim was presented to the defendant.

The facts are these:   On October 7th, 1902, the plaintiff
issued a writ of summons against the defendant in said case,
returnable October 30, 1902, which writ was never entered in
court.

On November 1, 1902, a notice in writing of the plaintiff's
claim, as required by the provisions of the statute above referred

to, was duly served upon the defendant corporation; and on November 19, 1902, a second writ was issued against the defendant, which was duly served, and that writ was the commencement of the present action.

The statute provides that upon notice being given to the proper officer of a railroad corporation "fourteen days previous to commencing suit for the same" for any lawful claims upon such corporation, if it neglects or refuses to pay such claim, the complainant, if he recovers more than the amount, if any, tendered by the corporation, shall also recover reasonable compensation for the services of his counsel, to be allowed by the court, in addition to the actual damage; and if a less amount shall be recovered, then a reasonable allowance shall be made by the court for the services of the counsel of the corporation.

The defendant contends that, having once commenced a suit against it before giving the notice required by the statute, the plaintiff lost his right to an allowance for counsel fees; that under such circumstances the plaintiff loses his said right, even though he does not prosecute that particular suit to a final conclusion. In other words, the contention is that the defendant had the right to take it for granted that, as soon as a suit was once begun, the statutory right referred to was waived by the plaintiff.

We are of opinion that the statute should not receive so technical and narrow a construction as that which is thus put upon it by counsel for defendant, but that the "suit" referred to therein means the suit which is prosecuted to a final determination.

The evident object of the statute is to inform the defendant corporation in such a case of the nature and extent of the plaintiff's claim, and give it a reasonable time in which to investigate the facts connected therewith and determine whether it will settle the claim or allow it to be prosecuted. If, therefore, such opportunity is given before the commencement of the suit which is finally brought, and in which the rights of the parties are settled, it would seem to be clear that the object of the statute is fulfilled.

The object of the statute requiring notice to town councils.

before commencing suits against towns (Gen. Laws R. I. cap. 36, § 18) is very similar to that of the statute before us. *Burdick* v. *Richmond*, 16 R. I. 502.

The defendant corporation is not placed at a disadvantage, nor anywise prejudiced, because it did not have the information called for by the statute before the commencement of the first-named suit, because it incurred no risk of paying counsel fees therein. And when it subsequently incurred that risk it had the full advantage of the information required to be given in the notice.

It is true that the issuance of the first writ was the commencement of a suit against the defendant (*Cross* v. *Barber*, 16 R. I. 266), and it was based upon the same cause of action upon which the subsequent suit was founded. But as that suit was never entered in court it became a nullity, and the rights of the parties remained the same, both at common law and under the statute, as if that suit had not been commenced.

The exception is overruled, the petition for a new trial of the question involved is denied, and the case remanded for further proceedings.

*James C. Collins, Jr.,* for plaintiff.
*David S. Baker and Lewis A. Waterman,* for defendant.